# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6550 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Gilyard vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the attached memorandum, Petitioner's Motion for leave to conduct discovery [Doc. 42] is denied; Petitioner's Motion for summary judgment [Doc. 44] is denied; Petitioner's Motion for Judgment on the Pleadings and Release on Personal Recognizance [Docs. 48-1, 48-2] are denied; and Petitioner's Motion for Sanctions [Doc. 52] is denied. The Court will issue a ruling on the underlying habeas petition on or before April 30, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 31 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 61 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | 2004 MAR 31 PM 3:35 U.S. DISTRICT COURT CLERK | date mailed notice / mailing deputy initials | |

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GILYARD, ) | |
| ) | No. 01 C 6550 |
| Petitioner, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| JERRY L. STERNES, Warden, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Gilyard filed his petition for habeas corpus relief in 2001. The case comes now before the Court on several motions the Petitioner has filed: (1) Petitioner's Motion for Leave to Conduct Discovery; (2) Petitioner's Motion for Summary Judgment; (3) Petitioner's Motion for Sanctions; and (4) Petitioner's Motion for Judgment on the Pleadings and Release on Personal Recognizance. For the reasons set forth below, all four of Petitioner's motions are denied.

I.  **PROCEDURAL BACKGROUND OF THIS HABEAS CASE**

While most habeas cases that arrive in federal district court have a complicated procedural background from the state courts, they usually follow a straight-forward path in the federal courts; not so, with Petitioner Gilyard. Petitioner Michael Gilyard ("Petitioner" or "Gilyard") filed his petition for habeas corpus relief with this Court in August 2001, and it was received in this Court on August 22, 2001. On August 27, 2001, the Court issued Petitioner a rule to show cause as to why his petition was not time-barred under the Antiterrorism and

1

Effective Death Penalty Act of 1996 (AEDPA). After granting the Petitioner an extension of time, when he failed to respond to the rule to show cause, the Court summarily dismissed the Petition as time-barred on October 16, 2001.

Petitioner appealed the dismissal to the Seventh Circuit. The Seventh Circuit granted Gilyard a Certificate of Appealability on April 9, 2002 on two of the constitutional questions presented in his petition. Additionally, Petitioner argued that his petition was not time-barred pursuant to Smith v. Walls, 276 F.3d 340 (7th Cir. 2002) (per curiam), a case that was decided after his petition was dismissed. Respondent agreed, and urged the Seventh Circuit that this Court's judgment "must be reversed." (Resp. Br. on Appeal, at 7). On January 16, 2003, in a one page order, the Seventh Circuit recognized that the "respondent . . . conceded error" and "reverse[d] the district court judgment and remand[ed] the case for further proceedings." Gilyard v. Sternes, No. 02-1063, Order of Jan. 16, 2003 (7th Cir. 2003) (unpublished order). That order was docketed in this Court on February 11, 2003.

On March 11, 2003, the Respondent filed its Answer to the habeas corpus petition. Subsequently, the Petitioner filed the motions that are presently pending before the Court. On December 8, 2003, before this Court ruled on those motions or on Petitioner's habeas petition, Petitioner filed a Notice of Appeal in the Seventh Circuit. On December 19, 2003, the Seventh Circuit recognized in an order that the habeas case was still pending in this Court. Petitioner's efforts to establish that the Seventh Circuit had appellate jurisdiction were unavailing and on March 4, 2004, the Court dismissed his appeal.

One of Petitioner's asserted grounds for filing the premature appeal listed above was that he did not feel this Court was proceeding to a judgment on the merits in his habeas petition in an

expeditious fashion. Although premature notices of appeal do not divest the district court of jurisdiction, see King v. Gibbs, 876 F.2d 1275, 1278 (7th Cir. 1989), the pendency of the appeal does cast some doubt on the district court's role in the case. Rather than speeding the plow, then, Petitioner's decision to file the appeal actually delayed disposition of this case. With both appeals resolved, the Court will now issue its decision on Petitioner's motions. Provided there are no further premature appeals, both parties can expect a written decision on the issues in Gilyard's underlying habeas petition in the near future.

## II.   PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

Petitioner seeks leave to conduct discovery in this habeas case. Rule 6 of the Rules Governing § 2254 Cases gives the District Court discretion to grant leave for discovery upon a showing of good cause. Petitioner's Motion requests that the Respondent furnish him with a copy of a laboratory report prepared by forensic expert Robert Wilson relating to the weapon that was used in this case. Petitioner's Motion asserts that the investigative report would demonstrate that the gun was prone to misfire. In Petitioner's view, this would corroborate his version of the facts supporting his conviction, to wit, that he lacked the requisite intent to commit the crime. In light of the presumption of correctness that is afforded to state court findings of fact, the Court finds that Petitioner has not shown good cause for this discovery to issue. Consequently his motion is denied.

## III.  PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Shortly after the Seventh Circuit reversed this Court's denial of his habeas petition on timelieness grounds, Petitioner filed his Motion for Summary Judgment. Petitioner's Motion asserts that Respondent waived the procedural default defenses it presently asserts to ground two

3

(ineffectiveness of counsel relating to jury instruction issues) and ground five (unconstitutionally vague underlying felony conviction cannot support felony-murder) of his Petition when Respondent failed to present those arguments to the Seventh Circuit on appeal.

When this case went to the Seventh Circuit on appeal (the first time), the Seventh Circuit was reviewing the judgment of this Court, which was limited to the issue of whether Gilyard's habeas petition was timely filed. While it is true that the Seventh Circuit can affirm the district court on any ground that the record presents, where a case has been disposed of on timeliness alone, due process concerns counsel strongly against an affirmal based on anything other than the statute of limitations question. Both parties are entitled to one full and fair round of litigation in the federal district court on the issues Petitioner's habeas petition presents. Consequently, the Respondent's failure to assert procedural default arguments to the Seventh Circuit on appeal will not act as a waiver of its ability to present those arguments in response to the merits of Gilyard's habeas petition.

Additionally, summary judgment motions are not required or encouraged in habeas cases. The issues presented in habeas petitions rarely require further factual development outside of the state court record, which the Respondent is obliged to file with its Answer. Consequently, summary judgment motions in habeas cases do not narrow and isolate factual issues for trial as they do in other civil cases. Although there is no strict prohibition on filing summary judgment motions, they are certainly uncommon, especially in this district. See United States ex rel. Brookhouse v. Ahiton, No. 97-C-642, 1997 WL 445936, at *4 n.2 (N.D. Ill., Aug. 1, 1997) (describing summary judgment motions as inappropriate in habeas cases) but see Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995) (summary judgment motions are permissible in habeas cases).

4

For these reasons, the Court denies Petitioner's Motion for Summary Judgment.

### III. PETITIONER'S MOTION FOR SANCTIONS

Petitioner has filed a Motion for Sanctions against Respondent for asserting procedural defenses to two of the grounds for relief in his habeas petition. Petitioner's Motion for Sanctions is without merit. Respondent's procedural defenses are arguably warranted by existing law and there is no indication that have they been asserted for an improper litigation purpose. Petitioner's Motion for Sanctions is consequently denied.

### IV. PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS AND RELEASE ON PERSONAL RECOGNIZANCE

Petitioner filed a Motion for Judgment on the Pleadings and Release on Personal Recognizance, and recently filed a renewed Motion seeking the same relief. In the renewed Motion, Petitioner asserts that he has recently been diagnosed with a tumor in his abdomen that will require surgery. He seeks release on his personal recognizance in part so that he could "get at least a second opinion and hospitalization at any Veterans Medical Center by virtue of him having been honorably discharged from the Navy." (Pet. Renewed Motion at 5, ¶10). While the Court is sympathetic to Plaintiff's medical needs, it finds that release on personal recognizance while the habeas petition is still pending is not warranted.

The portion of the motion seeking an entry of judgment on his habeas petition is also denied. As noted above, the Court will issue its ruling on the underlying issues in Gilyard's habeas petition in the near future.

## CONCLUSION

For the reasons set forth above, Petitioners' Motions are denied.


**Enter:**




_____
**David H. Coar**
**United States District Judge**

**Dated: March 31, 2004**