Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6550 | **DATE** | 4/30/2004 |
| **CASE TITLE** | Gilyard vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum, the petition for habeas corpus relief is denied in its entirety. Any and all other pending motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 63 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GILYARD, | ) |
| Petitioner, | ) No. 01 C 6550 |
| | ) |
| v. | ) HONORABLE DAVID H. COAR |
| | ) |
| JERRY L. STERNES, Warden, | ) |
| Respondent. | ) |

DOCKETED MAY 0 7 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Gilyard ("Petitioner" or "Gilyard") filed his petition for habeas corpus relief with this Court in August 2001, and it was received in this Court on August 22, 2001. The petition was initially denied as time-barred, but, after Respondent conceded that the petition was timely filed, that decision was reversed by the Seventh Circuit Court of Appeals. See Gilyard v. Sternes, No. 02-1063, Order of Jan. 16, 2003 (7th Cir. 2003) (unpublished order). On March 11, 2003, the Respondent filed its Answer to the habeas corpus petition. For the reasons set forth below, the petition for habeas corpus relief is denied.

I.  PROCEDURAL BACKGROUND IN STATE COURT

In September 1990, following a jury trial in Lake County, Illinois, Petitioner was convicted of first degree murder and home invasion. He was sentenced to a term of imprisonment of sixty (60) years. Petitioner appealed his conviction and sentence to the Appellate Court of Illinois raising the following five issues: (1) the State failed to prove guilt beyond a reasonable doubt; (2) he received ineffective assistance of counsel when his counsel

1



failed to tender a jury instruction on criminal trespass to a residence; (3) the jury determination that he was not insane at the time of the crime was against the manifest weight of the evidence; (4) his two convictions arose from the same physical act violating the "one act/one crime" principle under Illinois law; and (5) his sentence was excessive. On October 20, 1992, the Illinois Appellate Court rejected Petitioner's claims and affirmed his conviction and sentence. Petitioner filed a petition for leave to appeal the Illlinois Supreme Court which raised the first, second, and third issues from his previous appellate brief. The Illinois Supreme Court denied the petition on February 3, 1993.

Meanwhile, the Supreme Court of Illinois granted Petitioner's request for a supervisory order relating to the home invasion sentence on July 8, 1993. On October 1, 1993, the Illinois Appellate Court vacated his conviction for home invasion. In light of these subsequent developments, it is unclear whether Petitioner's conviction and sentence became final on May 4, 1993, when the time for filing a petition for certiorari to the United States Supreme Court expired, or on October 1, 1993, when his conviction and sentence for home invasion were vacated. As the Respondent has conceded the timeliness of the habeas petition, the actual date the conviction and sentence became final would only be relevant to retroactivity issues which are not presented by this petition.

On February 22, 1994, Petitioner filed a pro se petition for post-conviction relief in Lake County Circuit Court. The petition presented the following three issues: (1) the trial court erred in refusing to suppress Petitioner's confession at trial; (2) Petitioner's trial counsel was ineffective in arguing the motion to suppress; and (3) Petitioner's appellate counsel was ineffective for failing to argue either of those two issues on direct appeal. The circuit court of

Lake County dismissed the petition as frivolous and patently without merit on April 6, 1994. Petitioner appealed to the Illinois Appellate Court. The State Appellate Defender moved to withdraw from its representation of Petitioner pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). On February 15, 1996, the Appellate Court granted the motion and affirmed the dismissal of the post-conviction petition. Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court.

Petitioner sought to file subsequent post-conviction petitions in state court. The first attempt was styled as a motion to supplement or amend his first petition and was filed on May 18, 1995. The state trial court dismissed the petition for lack of jurisdiction because the original post-conviction petition was still pending. The appellate court affirmed the dismissal, holding that petitioner had waived his ability to bring the claims presented in the petition by not presenting them in the first post-conviction petition. Petitioner appealed the denial of that petition to the Illinois Supreme Court, which denied him leave to appeal on December 6, 1996. The second attempt was styled as a motion to amend his previous motion to supplement or amend this first petition, and it was filed on May 14, 1996. It was dismissed on June 5, 1996 for the same reason that the first attempt was dismissed: the trial court lacked jurisdiction to accept amendments to petitions that were currently on appeal. Petitioner did not appeal that determination.

On June 6, 1997, Petitioner filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401, claiming that the trial court erred in not conducting a fitness hearing at trial. The trial court treated this as a successive post-conviction petition, and denied relief on May 21, 1999 holding that the issue had been waived by failing to raise it in his first post-conviction petition.

The Illinois Appellate Court rejected Plaintiff's appeal on February 14, 2001. On June 6, 2001, the Illinois Supreme Court denied Petitioner's request for leave to appeal.[1] Shortly thereafter, he sought federal habeas relief.

## II. STANDARD FOR HABEAS PETITIONS

Petitions seeking federal habeas relief are governed by the familiar, and restrictive, standards of the Antiterrorism and Effective Death Penalty Act (AEDPA). "A federal court may only grant relief under AEDPA if the decision of the state court 'was contrary to, or involved an unreasonable application of, clearly establish Federal law, as determined by the Supreme Court of the United States.'" A.M. v. Butler, 360 F.3d 787 (7th Cir. 2004). In 2000, the Supreme Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. See Williams v. Taylor, 529 U.S. 369, 405, 407 (2000). An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." Wiggins v. Smith, --- U.S. ----, 123 S.Ct. 2527 (2003).

---

[1]Petitioner also filed or attempted to file two additional pro se actions in the state courts. One was styled as a Motion for a Supervisor Order on Non-waivable Fitness Issue filed in the Illinois Supreme Court; it was denied on February 1, 2000. The other was styled as a "Motion for leave to file a petitoin for a writ of habeas corpus" filed with the Illinois Supreme Court. Leave to file was denied on June 1, 2001.

4

Gilyard's habeas petition raises six grounds for relief: (1) the State did not prove him guilty beyond a reasonable doubt at trial; (2) trial and appellate counsel were ineffective when they failed to address jury instructions on second-degree murder and self-defense; (3) trial and appellate counsel were ineffective in failing to request a fitness hearing at his trial; (4) the jury erroneously determined that Petitioner was sane at the time of the offense; (5) the conviction for felony-murder predicated on home invasion is void because the underlying felony statute is unconstitutionally vague and overbroad; and (6) trial counsel was constitutionally ineffective by : a) failing to get his confession suppressed; b) failing to properly investigate and call witnesses in Petitioner's defense; and c) failing to raise a constitutional issue regarding suppression of Petitioner's confession.

### A. Petitioner's Sufficiency of the Evidence Challenge (Grounds 1 & 4)

The first and fourth alleged constitutional violations in Gilyard's habeas petition are both sufficiency of the evidence challenges. In ground one, Gilyard asserts that the evidence presented at his state court trial was insufficient as a matter of law to prove that he had the requisite intent to harm the victim, who was his wife. In ground four, Gilyard asserts that the jury's finding that he was sane was based on insufficient evidence. In order to obtain relief on this claim, the Petitioner must show that the Illinois Appellate Court's decision affirming the judgment on these bases involved an incorrect or unreasonable application of federal law.

In order to prove that the evidence was constitutionally insufficient to sustain the conviction, the Petitioner must demonstrate that, "viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The

5

Illinois appellate court applied this standard to Gilyard's sufficiency of the evidence claim on the issue of intent and it reached the following conclusion:

> the evidence established that there was a struggle between the victim and defendant and that the victim suffered a gunshot, a blunt trauma to the forehead, several abrasions, numerous lacerations, defense wounds on her fingers, and a stab wound during the altercation. Additionally, one of the knives recovered at the scene had its tip broken. The nature and extent of the victim's injuries, coupled with the fact defendant kicked in the door, would clearly permit a rational trier of fact to conclude that defendant intentionally injured the victim.

People v. Gilyard, 602 N.E.2d 1335, 1345 (Ill. App. Ct. 1992).

This Court finds the state court conclusion is consistent with—and a reasonable application of—federal law. Consequently, the Court denies Gilyard's claim that the evidence at his trial was constitutionally insufficient to prove him guilty.

The Illinois courts also examined the evidence closely on the issue of Petitioner's sanity. At trial, the Petitioner presented expert testimony from two witnesses that Petitioner suffered from schizophrenia on the date of the offense. The state presented expert testimony from one witness that Petitioner was suffering from drug and alcohol abuse and a personality disorder at the time of the offense. In the face of this conflicting testimony, the state court held that the trier of fact had a reasonable basis to conclude that Petitioner was sane at the time of the offense. (Resp. Ans., Ex. D at 25–27) This Court finds that the state court conclusion is consistent with and a reasonable application of federal law. The Court must also deny Gilyard's claim that the jury's finding that he was sane was based on insufficient evidence.

### B. Petitioner's Ineffectiveness Allegations (Grounds 2, 3, and 6)

Petitioner asserts that his attorneys failed to provide him with effective assistance of counsel at his trial and on his direct appeal in violation of his rights under the Sixth and

Fourteenth Amendments. Specifically, he asserts that trial counsel was ineffective for failing to: (1) obtain jury instructions for second-degree murder and self-defense; (2) seek a hearing to determine whether Gilyard was fit to stand trial; (3) move to suppress Gilyard's inculpatory statement; (4) investigate properly and call defense witnesses; and (5) raise a Fourth Amendment argument when the police allegedly failed to honor Gilyard's right to silence. Gilyard also asserts that his appellate counsel on direct appeal was ineffective for failing to raise on appeal: (1) the jury instruction issue regarding second-degree murder and self-defense; (2) the issue relating to Gilyard's fitness to stand trial; (3) trial counsel's failure to move to suppress Gilyard's inculpatory statement; (4) trial counsel's failure to investigate properly and call defense witnesses; and (5) trial counsel's failure to raise a Fourth Amendment argument when the police allegedly failed to honor Gilyard's right to silence.

Before addressing the merits of any of these issues, the Court must confront Respondent's assertions of procedural default. Respondent asserts that all of Petitioner's ineffectiveness claims were procedurally defaulted in the state courts.

Respondent first asserts that each of Gilyard's claims of ineffectiveness of trial counsel are waived because he failed to raise the claims on direct appeal. (Answer at 10.) Illinois requires ineffectiveness claims that have a clear factual predicate in the trial court record to be presented to the appellate court on direct appeal or be waived. See People v. Cleveland, 796 N.E.2d 201, 203 (Ill. App. Ct. 2003). "The waiver rule does not apply to claims that depend on evidence outside the record." Id. Where a "defendant's ineffective assistance of counsel claim requires consideration of matters beyond the record on direct appeal, it is more appropriate that the defendant's contentions be addressed in a proceeding for post-conviction relief." People v.

7

Parker, 801 N.E.2d 162, 169 (Ill. App. Ct. 2003). Additionally, a claim that appellate counsel was ineffective for failing to raise ineffectiveness of trial counsel abrogates the waiver rule. See People v. Williams, — N.E. 2d —, 2004 WL 539210, at *1 (Ill. App. Ct., Mar. 18, 2004).

Gilyard's ineffectiveness allegations, then, should be divided into those claims which had a factual predicate apparent in the state court record and those claims which did not. The following three allegations of trial counsel's ineffectiveness could have been apparent from the original state court trial record: (1) failure to seek jury instructions on second-degree murder and self-defense; (2) failure to file a suppression motion for Gilyard's inculpatory statement; and (3) failure to raise a Fourth Amendment argument. All of those failures should have been apparent in the trial court record and none of the allegations in Gilyard's habeas petition would require development outside of that record. Consequently, those three allegations could be the proper subject of Illinois' waiver rule provided that they were not raised on direct appeal and that there is no allegation that appellate counsel was ineffective in failing to raise them. The Court notes that the Illinois courts did not apply the waiver rule to Petitioner's claim that counsel was ineffective for failing to get his statement suppressed.[2] See Resp. Ans. Ex. P at 2–4. The federal courts have no vested interest in applying a state's procedural rules where the state itself does not apply them.

Plaintiffs' other two allegations of trial counsel's ineffectiveness are that trial counsel failed to properly investigate or call witnesses and that trial counsel failed to request a hearing on petitioner's fitness to stand trial. Both of these allegations would require factual development

---

[2] The state courts' treatment of the other two potentially waived claims will be addressed below.

8

beyond the original trial record. The alleged failure to investigate would require an inquiry into the evidence and witnesses that the attorney allegedly should have investigated, as well as a factual inquiry into whether the attorney did investigate those issues. Neither of those failures would be apparent from the original trial court record. With the fitness issue, trial counsel's failure to *request* a hearing on petitioner's fitness to stand trial would be apparent from the record, but what would not be apparent are the facts underlying Petitioner's allegation that he was unfit to stand trial. Consequently, the Illinois appellate courts would be unable to determine whether trial counsel's failure constituted deficient performance or whether that deficient performance was prejudicial. Since both of these allegations require factual development beyond the original trial record, they would not be subject to the Illinois waiver rule.

The direct appeal waiver rule is not the only procedural pitfall that can swallow ineffective assistance of counsel claims. Any non-waived claims must also be presented to the state courts in post-conviction in the manner that the state regulations require. Unfortunately for Petitioner, Respondent is correct that the state post-conviction courts held that he did not properly present four of his five claims of ineffectiveness. Where a state court clearly and expressly relies on its procedural default rules as the basis for denying a petitioner relief, the federal courts are bound to respect those rulings. Harris v. Reed, 489 U.S. 255, 263 (1989).

The state courts rejected four of Petitioner's five allegations of trial and appellate counsel's ineffectiveness because they were not presented in his first post-conviction petition. See Resp. Ans. Ex. V, at 3 (rejecting failures relating to jury instructions, investigation of witnesses, and raising Fourth Amendment violation for failure to present in first post-conviction petition); Resp. Ans. Ex. DD, at 9 (rejecting failures relating to the fitness hearing for failure to

9

present in first post-conviction petition). The fifth claim, relating to counsel's failure to get his confession suppressed, was raised in petitioner's first post-conviction petition and it was denied on the merits. See Resp. Ex. P at 2–4. Petitioner has not demonstrated cause and prejudice sufficient to overcome these procedural defaults.

This Court rejects Respondent's request for it to apply the state court direct appeal waiver rule to this claim. As noted above, the federal courts apply state procedural rules to federal claims out of respect for the integrity of the state court process. Where the state courts choose not to apply their procedural rules, there is absolutely no rationale for the federal court to subsequently apply those rules to foreclose the possibility of relief.

Although this claim has been properly preserved for review, Petitioner cannot obtain relief on counsel's alleged failure. In order to obtain relief, Petitioner must show that the state court ruling was contrary to or an unreasonable application of federal law. In order for defense counsel's performance to violate the Sixth Amendment, it must have been below the reasonable standards of competence for the profession and prejudicial to the defendant. See Strickland v. Washington, 467 U.S. 1267 (1984). The state court held that because the prosecution did not use these statements in Petitioner's trial, he could not show that counsel's alleged failure was unconstitutionally prejudicial. This Court cannot find this holding to be contrary to or an unreasonable application of federal law.

C. **Petitioner's Constitutional Challenge to the State Statute (Ground 5)**

Petitioner's final remaining allegation in his habeas petition is that the state statute is unconstitutionally vague and overbroad as applied to the facts of his case. Petitioner failed to raise this claim on direct appeal or in any of his post-conviction filings. Petitioner attempted to

10

file an original action in the Supreme Court of Illinois seeking a determination that the statute was unconstitutional. The Illinois Supreme Court denied him leave to file such a motion. Because Petitioner failed to raise this issue during his state direct and post-conviction appeals, it cannot be the proper subject for relief on a federal habeas petition.

## CONCLUSION

For the reasons set forth above, this Court denies the petition for habeas corpus in its entirety.

Enter:

_____
David H. Coar
United States District Judge

Dated: April 30, 2004