**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex. rel. MICHAEL GILYARD, | ) ) ) | |
| Petitioner | ) ) | No. 01 C 6550 |
| v. | ) | |
| JERRY L. STERNES, Warden, | ) ) ) | HONORABLE DAVID H. COAR |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael Gilyard ("Petitioner" or "Gilyard") filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254. This Court denied Gilyard's petition for habeas relief in a decision docketed on May 7, 2004. On May 25, 2004, Petitioner filed a timely Notice of Appeal. Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition. However, the filing of a Notice of Appeal represents Petitioner's request, *sub silentio*, for a certificate of appealability. See Fed. R App. Pro. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). For the reasons set forth below, Petitioner's request for a certificate of appealability is DENIED.

## I. Factual and Procedural Background

In September 1990, following a jury trial in Lake County Illinois, Petitioner was convicted of first degree murder and home invasion. Gilyard appealed to the Appellate Court of Illinois, and raised the following five issues: (1) the State failed to prove his guilt beyond a reasonable doubt; (2) he received ineffective assistance of counsel when his counsel failed to tender jury instructions on criminal trespass to a residence; (3) the jury determination that he was not insane at the time of the crime was against the manifest weight of the evidence; (4) his two convictions arose from the same physical act violating the "one act/one crime" principle under Illinois law; and (5) his sentence was excessive. On October 20, 1992, the Illinois Appellate Court rejected Petitioner's claims, and affirmed his conviction and sentence. Subsequently, Gilyard filed a petition for leave to appeal to the Illinois Supreme Court, which raised the first, second and third issues from his previous appellate brief. The Illinois Supreme Court denied the petition on February 3, 1993. However, the Illinois Supreme Court granted Petitioner's request for a supervisory order relating to the home invasion sentence on July 8, 1993. As a consequence, on October 1, 1993, the Illinois Appellate Court vacated Gilyard's conviction for home invasion.

On February 22, 1994, Petitioner filed a pro se petition for post-conviction relief in Lake County Circuit Court. The petition claimed: (1) the trial court erred in refusing to suppress Petitioner's confession at trial; (2) Petitioner's trial counsel was ineffective in arguing the motion to suppress; and (3) Petitioner's appellate counsel was ineffective for failing to argue either of those two issues on direct appeal. The Circuit Court of Lake County dismissed the petition as frivolous and patently without merit on April 6, 1994. Petitioner appealed to the Illinois

Appellate Court. The State Appellate Defender moved to withdraw from its representation of Petitioner pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). On February 15, 1996, the Appellate Court granted the motion and affirmed the dismissal of the post-conviction petition. Petitioner sought leave to file subsequent petitions for post-trial relief in Lake County Circuit Court. However, the Lake County Circuit Court dismissed his post-conviction petitions; those dismissals were affirmed at the appellate level.

Gilyard's petition for habeas corpus relief was filed in this Court on August 22, 2001. This Court denied Gilyard's petition for habeas relief in a decision entered on May 7, 2004. (See Gilyard v. Sternes, No. 01 C 6550, 2004 WL 1151558 (N.D. Ill. May 7, 2004). In addition, this Court denied Petitioner's requests to modify the record on appeal in a minute order entered on July 29, 2004.

## II. Standard of Review

As noted above, a petitioner must obtain a COA to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court has denied a petitioner's claims on procedural grounds "without reaching the prisoner's underlying constitutional claim," a COA should issue if reasonable jurists could debate whether the petition states a valid claim of the denial of a

constitutional right *and* whether the district court was correct in its procedural ruling. Id. at 478. (emphasis added).

A petitioner need not demonstrate that he will prevail in order to receive a COA. See Miller-El v. Cockrell, 537 U.S. 322 (2003). However, the petitioner requesting a COA "must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." See Miller-El, 537 U.S. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Williams v. Taylor, 529 U.S. 362, 399 (2000)).

**III. Analysis**

Gilyard's habeas petition raised six grounds for relief: (1) the State did not prove his guilt beyond a reasonable doubt at trial; (2) trial and appellate counsel were ineffective when they failed to address jury instructions on second-degree murder and self-defense; (3) trial and appellate counsel were ineffective in failing to request a fitness hearing at his trial; (4) the jury erroneously determined that Petitioner was sane at the time of the offense; (5) the conviction for felony-murder predicated on home invasion is void because the underlying felony statute is unconstitutionally vague and overbroad; and (6) trial counsel was constitutionally ineffective by: a) failing to get his confession suppressed; b) failing to properly investigate and call witnesses in Petitioner's defense; and c) failing to raise a constitutional issue regarding the suppression of Petitioner's confession. In analyzing Petitioner's claim, the Court divided the claims in the following manner: (1) Petitioner's sufficiency of the evidence challenges (grounds 1 and 4); (2)

Petitioner's ineffectiveness allegations (grounds 2, 3, and 6); and (3) Petitioner's constitutional challenge to the state statute (ground 5). The Court will address the three groups under which Petitioner's claims fall, and determine whether he has made the requisite showing for a COA for any of his claims.

*A. Petitioner's Sufficiency of the Evidence Challenges (Grounds 1 and 4)*

Gilyard's habeas petition asserted that the State had insufficient evidence to prove him guilty beyond a reasonable doubt at trial, and that the jury erroneously determined that Gilyard was sane at the time of his offense. As this Court noted in denying Gilyard's habeas petition, the Illinois appellate court found:

> the evidence established that there was a struggle between the victim and defendant and that the victim suffered a gunshot, a blunt trauma to the forehead, several abrasions, numerous lacerations, defense wounds on her fingers, and a stab wound during the altercation. Additionally, one of the knives recovered at the scene had its tip broken. The nature and extent of the victim's injuries, coupled with the fact defendant kicked in the door, would clearly permit a rational trier of fact to conclude that defendant intentionally injured the victim.

Gilyard v. Sternes, No. 01 C 6550, 2004 WL 1151558 at * 3 (N.D. Ill. May 7, 2004) (citing People v. Gilyard, 602 N.E.2d 1335, 1345 (Ill. App. Ct. 1992)). This Court applied the applicable legal standard to Petitioner's sufficiency of the evidence claim. Petitioner must demonstrate that, "viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This Court held that the state court's decision that there was sufficient evidence for the jury to find Petitioner guilty beyond a reasonable doubt, and the finding that Petitioner was sane, were consistent with, and a reasonable

application, of federal law. It is well established that, "it is not the function of [a reviewing court] to reweigh the evidence or to substitute its judgment for that of the trier of fact." United States v. Curry, 79 F.3d 1489, 1497 (7th Cir. 1996) (internal citations omitted). Consequently, as to Gilyard's sufficiency of the evidence claims, reasonable jurists would not find this Court's decision debatable or wrong. Therefore, Petitioner's request for a certificate of appealability for his sufficiency of the evidence claims is DENIED.

### B. Petitioner's Ineffectiveness Allegations (Grounds 2, 3, and 6)

Gilyard's petition for writ of habeas corpus asserted that both his trial and appellate counsel were ineffective, in violation of his rights pursuant to the Sixth and Fourteenth Amendments. Petitioner asserted that trial and appellate counsel were ineffective because of the following issues: (1) trial and appellate counsel failed to address jury instructions on second-degree murder and self-defense; (2) trial counsel failed to seek a hearing on Gilyard's fitness to stand trial; (3) trial counsel failed to move to suppress Gilyard's inculpatory statement; (4) trial counsel failed to investigate properly and call defense witnesses; and (5) trial counsel failed to raise a Fourth Amendment argument when the police allegedly failed to honor Gilyard's right to silence.

This Court found that claims one through four could not be reviewed by this Court, because the state post-conviction courts held that he did not properly present these claims, thereby resulting in procedural default. As this court noted when it denied Gilyard's petition for habeas relief, where a state court clearly and expressly relies on its procedural default rules as the basis for denying a petitioner relief, the federal courts are bound to respect those rulings. Gilyard, 2004 WL 1151558 at * 5 (citing Harris v. Reed, 489 U.S. 255, 263 (1989)). The

United States Supreme Court has conclusively determined that exhaustion of claims requires presentation to the state court in petitions for discretionary review. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Consequently, this Court finds that reasonable jurists would not find its conclusion that this claim was procedurally defaulted debatable or wrong.

In analyzing the habeas petition, this Court determined that Gilyard's fifth claim, that trial counsel's failure to raise a Fourth Amendment issue when the police allegedly failed to honor Gilyard's right to silence, amounted to ineffective assistance of counsel, was not procedurally defaulted. However, this Court found that Gilyard could not obtain relief for this claim. The state court held that because the prosecution did not use these statements in Petitioner's trial, he could not show that counsel's failure to raise a Fourth Amendment claim was unconstitutionally prejudicial. See Gilyard v. Sternes, 2004 WL 1151558 at *6. This Court determined that it could not find the state court's holding to be contrary to or an unreasonable application of federal law. Id. To bring an ineffective assistance of counsel claim, a defendant must prove: (1) counsel's performance fell below an objective standard of reasonableness; *and* (2) counsel's substandard performance prejudiced the petitioner, creating a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984) (emphasis added). The second prong of the Strickland test is relevant to Petitioner's claim. Gilyard cannot demonstrate prejudice, because the statements at issue were never introduced into evidence during his trial. Accordingly, this court finds that reasonable jurists would not find that its conclusion that this claim fails to present a Sixth Amendment violation debatable or wrong.

### C. Petitioner's Constitutional Challenge to the State Statute (Ground 5)

In his habeas petition, Gilyard alleged that the state statute is unconstitutionally vague and overbroad as applied to the facts as his case.[1] This Court determined that because Petitioner failed to raise this claim on direct appeal or in any of his post-conviction filings, he was procedurally barred from bringing this claim before this Court. As noted above, the Supreme Court has conclusively determined that exhaustion of claims requires presentation to the state court in petitions for discretionary review. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). This Court finds that reasonable jurists would not find its conclusion that this claim was procedurally defaulted debatable or wrong.

**IV. Conclusion**

For the foregoing reasons, Gilyard's request for a certificate of appealability is DENIED.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **August 23, 2005**

---

[1] Petitioner attempted to file an original action in the Supreme Court of Illinois seeking a determination that the statute was unconstitutional, but the Illinois Supreme Court denied him leave to file such a motion.