```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
MICHAEL GILYARD #B-09132,        )
                                 )
          Petitioner,            )
                                 )
     v.                          )    No.  01 C 6550
                                 )
JERRY L. STERNES,                )
                                 )
          Respondent.            )
```

MEMORANDUM ORDER

Michael Gilyard ("Gilyard"), continuing to pursue any possible (or, perhaps more accurately, any impermissible) route to attacking his decade-old felony murder conviction in the Circuit Court of Cook County, has just filed what he captions "Motion for Relief from Judgment" ("Motion"). This is the latest among Gilyard's litigative travels through both the state and federal court systems, and it has come to this Court's calendar by random assignment because Honorable David Coar, who handled Gilyard's 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus from its inception in 2001, left his District Court position at the end of the year 2010.

It would be an understatement to describe the course of this litigation as convoluted, and pages 2-7 of Gilyard's 22-page handprinted Motion recount his travels through the courts. For present purposes the focus can begin with the April 30, 2004

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

dismissal of Gilyard's Section 2254 federal habeas proceeding, which ultimately eventuated in our Court of Appeals' October 9, 2007 affirmance (attached to this opinion as Ex. 1) of Judge Coar's denial of Gilyard's Fed. R. Civ. P. ("Rule") 60(b) motion for relief from the dismissal of his habeas petition, followed by the Supreme Court's driving of the final nail in the coffin of that effort by its denial of certiorari.

Although a detailed consideration of Gilyard's current belated arguments would plainly disclose their substantive poverty, it is unnecessary to travel that path because Gilyard so obviously fails the underlying Rule 60(c)(1) requirement that any "motion under Rule 60(b) must be made within a reasonable time." This opinion therefore turns to that threshold issue.

Unsurprisingly, Gilyard's extensive and extended litigation efforts have given him considerable familiarity (though, as will be seen, not enough) with procedural limitations on post-conviction procedures. Because Gilyard expressly recognizes the problems that he would confront if he sought to essay a second petition for federal habeas relief,[2] he seeks instead to call once again upon Rule 60(b)--more precisely, on the catchall provision of Rule 60(b)(6). But analysis readily demonstrates

---

[2] Motion at 7 states:

> The instant motion is not the equivalent of a second or successive habeas petition so as to be subject to the insurmountable barrier of 28 U.S.C. §2244(b).

2

the total absence of justification for his undertaking the current proceeding so many years down the pike.

When the underbrush included in Gilyard's narrative is cleared away, it is plain that at the latest he learned more than four years ago--in January 2007--(1) about the earlier denial of his above-described effort to obtain Rule 60(b) relief and (2) about the nature of the reasons that had caused the denial of a certificate of appealability ("COA")(Motion at 5). Further developments had then led to the already-referred to Court of Appeals' October 2007 affirmance of that denial (Ex. 1) and the Supreme Court's subsequent denial of certiorari.

Gilyard's Motion at 6-7 says only this in an effort to paper over the extended time gap between those last-mentioned federal proceedings and his current Motion:

> With the reasons for The Court's denial of a COA finally in his possession, Petitioner then petitioned for a writ of certiorari on April 25, 2008. (Gilyard v. Chandler, No. 07-10710). Said petition was denied on June 5, 2008 and the request for rehearing denied on September 5, 2008.
>
> Thereafter, Petitioner initiated a mandamus/habeas corpus action in the Illinois courts on February 18, 2009 attacking his conviction and sentence as void while alleging that: (1) The trial court lacked the power to convict Mr. Gilyard of felony-murder based on People v. Morgan, 197 Ill.2d 404 (2001), ensuring that a defendant will not be punished as a murderer where the State has failed to prove that a knowing murder occurred; (2) The Mandatory Supervised Release portion of Mr. Gilyard's sentence is void where the calculation and execution thereof causes his maximum statutory penalty to be exceeded; and (3) The charge of felony-murder predicated on home invasion is void where it

> fails to state an offense.
>
> The trial court dismissed the petition without an evidentiary hearing on May 5, 2009. On September 30, 2010 the Illinois Appellate Court affirmed the dismissal in an apparent merits determination, and, on January 26, 2011 the Illinois Supreme Court denied leave to appeal, No. 111356.

This Court has obtained a copy of the Illinois Appellate Court's unpublished order in that state court proceeding (a document that Gilyard omitted to include as an exhibit to his Motion) and has attached it as Ex. 2 to this opinion. To read it is to confirm the total irrelevance of those state court proceedings as a "reasonable time" factor for Rule 60(c)(1) purposes.

There is no arguable justification for the multiyear delay that ensued from the latest of Gilyard's federal efforts before he launched this second Rule 60(b) motion. Motion at 7 says he "only attacks the April 30, 2004 judgment of This Court on the basis of the procedural defect it contains." Motion at 8-9 then itemizes the purported procedural defects, the last of which is said to have taken place years ago ("the misplacing of the notice of presentment attached to the October 18, 2006 motion requesting a ruling on the Rule 60(b) motion"). Even if the later rulings by our Court of Appeals (in 2007) and the Supreme Court (in 2008) could be tacked onto that last date, Gilyard's present motion is unreasonably tardy as a matter of law.

## Conclusion

This excursion through Gilyard's tortuous litigative history

4

has been longer than this Court would have preferred, but the prolonged trip has more than amply demonstrated the untimeliness of his current effort to escape the strictures faced by any second habeas corpus petition under Section 2244.  In sum, Gilyard's Rule 60(b)(6) Motion is denied summarily.

                                                       _____  
                                                       Milton I. Shadur  
                                                       Senior United States District Judge

Date:  June 6, 2011

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

EXHIBIT I

Submitted September 21, 2007
Decided October 9, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1257

| | |
|---|---|
| MICHAEL GILYARD,<br>*Petitioner-Appellant,*<br><br>v.<br><br>GERARDO ACEVEDO,<br>*Respondent-Appellee.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 01 C 6550<br><br>David H. Coar,<br>*Judge.* |

### ORDER

Before us is the district court's denial of Michael Gilyard's motion for relief from judgment. In May 2004, the district court denied Gilyard's petition for habeas corpus relief under 28 U.S.C. § 2254. *See Gilyard v. Sternes*, No. 01 C 6550 (N.D. Ill. Apr. 30, 2004). It later denied him a certificate of appealability. *See Gilyard v. Sternes*, No. 01 C 6550 (N.D. Ill. Aug. 23, 2005). We also denied him a certificate of appealability. *See Gilyard v. Chandler*, No. 04-3495 (7th Cir. Sept. 20, 2005).

In May 2006 Gilyard filed the motion currently at issue, in which he alleged for the first time that the district court did not provide him with the memorandum explaining its order denying a certificate of appealability, though he admits receiving the court's complete memorandum and order denying his § 2254 petition and also notice from the court that he had been denied a certificate of appealability. Gilyard claims that not having the memorandum explaining the denial of a

Ex I-1

I

No. 07-1257                                                                         Page 2

certificate of appealability violated his due process rights and prevented him from effectively seeking a certificate of appealability from this court.

    The district court denied Gilyard's Rule 60(b) motion without explanation, and we ordered the court to explain its denial. The court has now done so. After fully examining its order reviewing this case's procedural history and the record available on appeal, we agree with the district court that even if Gilyard did not have the memorandum at issue he was not prevented from effectively seeking a certificate of appealability from this court. He had full access to the memorandum explaining the reasons for the district court's denial of his petition under § 2254, and those reasons are the ones we consider in our independent ruling on a request for a certificate of appealability.

    Accordingly, the decision of the district court denying Gilyard's motion for relief from judgment is AFFIRMED.

Ex. 1-2

This Order Is Not Precedential And Is Not To Be Cited

No. 2--09--0556

FILED
SEP 3 0 2010
ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

EXHIBIT 2

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, <br><br> Defendant-Appellee, <br><br> v. <br><br> MICHAEL GILYARD, <br><br> Plaintiff-Appellant. | ) Appeal from the Circuit Court <br> ) of Lake County. <br> ) <br> ) <br> ) <br> ) <br> ) No. 90--CF--252 <br> ) <br> ) Honorable <br> ) Victoria A. Rossetti, <br> ) Judge, Presiding. |

## SUMMARY ORDER

Plaintiff Michael Gilyard, an incarcerated prisoner and serial litigant in state and federal courts following his felony murder conviction, appeals the trial court's dismissal of his petition for habeas corpus and mandamus relief. In his petition, plaintiff argued that he was entitled to habeas corpus relief because (1) the period of mandatory supervisory release (MSR) imposed at the end of his prison term was void and (2) his conviction for felony murder was void. For the same reasons, he also argued that he is entitled to mandamus relief compelling a public official to lower his sentence or release him from prison. We agree with the State that plaintiff's arguments are meritless.

Plaintiff argues that his MSR term is void because the MSR statute causes his sentence--already at the 60-year maximum for felony murder--to exceed the maximum allowable by statute. However, as the State observes, the relevant statutory sentencing scheme very clearly stated that "every sentence shall include as though written therein a term in addition to the term of

Ex 2-1

imprisonment." Ill. Rev. Stat. 1989, ch. 38, par. 1005--8--1(d). Plaintiff also argues that his felony murder conviction cannot stand because his separate conviction for home invasion, the felony upon which his felony murder conviction was based, was vacated. See People v. Gilyard, 251 Ill. App. 3d 117, 118-19 (1998). However, the vacation of plaintiff's separate home invasion conviction was based on one-act, one-crime principles. Thus, the vacation of plaintiff's home invasion conviction did nothing to undermine the original jury's verdict finding that he committed a home invasion as a predicate to felony murder.

The remainder of plaintiff's arguments, as the State again notes, do not implicate the type of jurisdictional concerns (or grounds for immediate release) that are required to trigger habeas corpus relief. See People v. Gosier, 205 Ill. 2d 198, 205 (2001) ("This court has consistently held that a writ under this act is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction ***, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release"). For example, plaintiff's arguments that the indictment here was defective or insufficient do not raise a jurisdictional matter. See People v. Benitez, 169 Ill. 2d 245, 256 (1996) ("jurisdiction is not conferred by information or indictment, but rather by constitutional provisions"). Likewise, plaintiff's arguments that he was denied his constitutional rights for various reasons do not compel habeas corpus relief. See Beacham v. Walker, 231 Ill. 2d 51, 58 (2008) ("A complaint for order of habeas corpus may not be used to review proceedings that do not exhibit [one of the defects identified in Gosier], even though the alleged error involves a denial of constitutional rights"). Because plaintiff has not demonstrated a right to habeas corpus relief, we also agree with the trial court's dismissal of his request that an order of mandamus issue to compel relief.

No. 2--09--0556

For the foregoing reasons, pursuant to Supreme Court Rule 23(c)(2) (166 Ill. 2d R. 23(c)(2)), we affirm the judgment of the trial court.

Affirmed.

O'MALLEY, J., with BOWMAN and HUDSON, J., concurring.

Ex. 2 -3-