IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
UNITED STATES OF AMERICA ex rel.)
MICHAEL GILYARD #B-09132,       )
                                )
           Petitioner,          )
                                )
     v.                         )    No.  01 C 6550
                                )
JERRY L. STERNES,               )
                                )
           Respondent.          )
```

MEMORANDUM ORDER AND
STATEMENT AS TO CERTIFICATE OF APPEALABILITY

As the case caption reflects, this action by Michael Gilyard ("Gilyard") is only a bit less than 10 years old. It originated as a 42 U.S.C. §2254 Petition for Writ of Habeas Corpus assigned to this Court's then colleague Honorable David Coar, who denied habeas relief back in April 2004. After Gilyard sought unsuccessfully to obtain a certificate of appealability from that denial, in May 2006 he filed a Fed. R. Civ. P. ("Rule") 60(b)(6) motion for relief from that judgment. Judge Coar's denial of that motion was then followed (1) by our Court of Appeals' October 2007 rejection of the motion and then finally (2) by the Supreme Court's denial of certiorari.

Something more than 2-1/2 years later Gilyard returned to this District Court with still another "Motion for Relief from Judgment"--and with Judge Coar having left his District Court position at the end of 2010, the matter came to this Court's calendar via random assignment. In an obvious effort to avoid

foundering in the shoals of untimeliness, Gilyard labeled his motion as invoking Fed. R. Civ. P. ("Rule") 60(b) for a second time. This Court analyzed that effort in its June 6, 2011 memorandum order ("Order"), holding at Order 4:

> There is no arguable justification for the multiyear delay that ensued from the latest of Gilyard's federal efforts before he launched this second Rule 60(b) motion.

Accordingly this Court denied the motion summarily.

Now Gilyard has filed a Notice of Appeal from that denial. In that regard Fed. R. App. P. 22(b) dictates that this Court must either issue a certificate of appealability or state the reasons why such a certificate should not issue.

Before this statement speaks to the legal frivolousness of Gilyard's belated--and clearly untimely--effort to revive his unsuccessful federal habeas action, the serendipitous issuance of our Court of Appeals' June 20 opinion in Freeman v. Chandler, No. 10-1467, 2011 WL 2437772 has prompted a brief exposition of a subject not discussed in the Order.

Freeman, id. at *3 followed the teaching of Gonzales v. Crosby, 545 U.S. 524, 538 (2005) in setting out the line of demarcation between a permissible Rule 60(b) motion for reconsideration and an impermissible second habeas petition. As stated earlier, this Court only recently inherited the years-old dismissal of Gilyard's first Rule 60(b) motion, so that it has had no occasion to review the substance of the three-court

2

rejection of that first attempt to see whether the distinction that had previously been taught by Gonzales had been addressed in those prior proceedings.

If (as appears to be most likely) no jurisdictional problem was perceived by any of the three courts that rejected Gilyard's first Rule 60(b) motion, it would also seem that no jurisdictional difficulty would be posed by Gilyard's current (and second) effort either. But even if that were not the case, this would appear to be an apt situation in which to follow the seldom-traveled route, marked out in Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp, 549 U.S. 422, 430-31 (2007), of dealing with an easy nonjurisdictional issue that may be perceived as preceding a determination on the merits before considering what could be a complex jurisdictional question.

Because of the patent untimeliness of Gilyard's current motion, its pursuit must be viewed as frivolous in the legal sense. Accordingly this Court denies Gilyard's motion for leave to appeal in forma pauperis, for that status depends on a showing of both the lack of financial ability to pay the filing fee and the existence of a nonfrivolous claim. Moreover, Gilyard has clearly failed to make any substantial showing of the denial of a constitutional right (28 U.S.C. §2253(c)(2)), so that this Court rejects the notion that a certificate of appealability should issue. Gilyard is of course free to tender both issues to the

Court of Appeals for its consideration.

                          _____
                          Milton I. Shadur
                          Senior United States District Judge

Date:  July 6, 2011